UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DAWN DAWSEY

      Plaintiff,

vs.


CARNIVAL CORPORATION,
STEINER TRANSOCEAN LTD.,
STEINER MANAGEMENT SERVICES, LLC,
STEINER LEISURE LTD.,
STEINER TRANSOCEAN US, INC. and
JANE/JOHN DOE

      Defendants.

_____/

**COMPLAINT**

Plaintiff, DAWN DAWSEY (hereinafter "Plaintiff') by and through the undersigned

counsel, hereby sues Defendant, CARNIVAL CORPORATION (hereinafter

"CARNIVAL"), STEINER TRANSOCEAN LTD., (hereinafter "STEINER TRANSOCEAN,

LTD."), STEINER MANAGEMENT SERVICES, LLC., (hereinafter "STEINER

MANAGEMENT"), STEINER LEISURE LTD., (hereinafter "STENER LEISURE") and

STEINER TRANSOCEAN US, INC., (hereinafter "STEINER US") and alleges:

1

## JURISDICTION

1.  This is a personal injury action in excess of seventy-five thousand dollars ($75,000) exclusive of interest, costs and attorney's fees.

2.  Plaintiff is a citizen of, and domiciled in, the State of Louisiana.

3.  Defendant CARNIVAL is a Panama corporation with its principal place of business located in Miami, Florida.  As such, Defendant is a citizen of Panama and the State of Florida for diversity jurisdiction purposes.

4.  Defendant, STEINER TRANSOCEAN, is a Bahamian company with its principal place of business located in Coral Gables, Florida.

5.  Defendant, STEINER MANAGEMENT is a Florida corporation with its principal place of business located in Coral Gables, Florida.

6.  Defendant, STEINER LEISURE is a Florida corporation with its principal place of business located in Coral Gables, Florida.

7.  Defendant, STEINER US is a Florida corporation with its principal place of business located in Coral Gables, Florida.

8.  This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 as the parties are completely diverse and the case in controversy exceeds the minimum jurisdictional amount.

9.  The subject personal injury occurred on navigable waters and had the potential to disrupt maritime commerce.   Therefore, this Court has admiralty subject

matter jurisdiction under 28 U.S.C. § 1333.

10. This Court has personal jurisdiction over the Defendants and venue is proper as:

> a.   Defendants' principal place of business is located within Miami-Dade County, Florida;
>
> b.   CARNIVAL issued a ticket contract requiring this personal injury action be filed in this Court.

11.   Venue is proper as CARNIVAL issued a ticket contract selecting this Court as the venue for this civil action.

## GENERAL ALLEGATIONS

12.   The incident which is the subject of this action occurred on or about September 15, 2015 aboard the cruise ship *CARNIVAL ELATION* (hereinafter referred to as, "The Vessel") while The Vessel was in navigable waters.

13.   At the time of the incident, Plaintiff occupied the status of a passenger.

14.   The Vessel was owned and/or operated and/or maintained by CARNIVAL.

15.   The Cloud 9 Spa aboard the Vessel was operated, managed and/or overseen by STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US.

16.    JANE/JOHN DOE was hired, contracted or employed by STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US to work as a masseuse in the Cloud 9 Spa to provide services including massages to ticketed passengers aboard the Vessel.

17.    JANE/JOHN DOE performed a massage on the Plaintiff aboard the Vessel on or about September 15, 2016.

18.    On the date alleged in Paragraph 12 above, while getting a bamboo massage by the Defendant JANE/JOHN DOE the Plaintiff suffered serious, debilitating and permanent injuries in the form of a fractured hip and back injuries.  These injuries required surgical intervention and extensive treatment and rehabilitation.

## COUNT I
### (NEGLIGENCE AGAINST CARNIVAL)

19.    Plaintiff re-alleges all allegations pled in paragraphs 1 through 18 above as if alleged fully herein.

20.    CARNIVAL owed Plaintiff the duty of reasonable care under the circumstances for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

21.    CARNIVAL was negligent as it breached its duty by:

    a.    Failing to post signs warning that such massages could result in injury;

b.     Failing to properly train its contractor(s) in the proper methods of massage so as to avoid causing injury to its passenger;

c.     Failing to properly monitor and control the activities of people it allowed to render these unsafe procedures to its ticketed passengers;

d.     Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action;

e.     Failing to make an appropriate investigation of the people hired by its vendor(s) STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US as it was required of them which would have revealed the unsuitability of the masseuse hired by its vendor(s) to provide services to the Plaintiff, a ticketed passenger.

f.     By failing to properly investigate and look into the qualifications and experience of the people hired by its vendor(s) STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US who was providing services to its ticketed passenger.

g.     It was unreasonable for CARNIVIAL to hire or authorize

the masseuse, JANE/JOHN DOE, to provide services to

ticketed passengers, including the Plaintiff, in light of the

information CARNIVAL knew or should have known.

22.     As a result of CARNIVAL's negligence, Plaintiff suffered bodily injury

and possibly aggravation of preexisting conditions, pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, surgery medical and nursing care and treatment and loss of

earnings.   These losses are either permanent or continuing.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages

suffered as a result of the alleged accident and injury including pain and suffering,

disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of

capacity for the enjoyment of life, hospitalization, medical and nursing care and

treatment experienced in the past and to be experienced in the future together, past cost

and future lost wages with all taxable court costs and prejudgment interest.

## COUNT II
## (NEGLIGENCE AGAINST STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE AND STEINER US)

23.     Plaintiff re-alleges all allegations pled in paragraph 1-22 above as if alleged

fully herein.

24.     On or about September 15, 2015, Plaintiff was a passenger aboard the ELATION who had gone to the spa operated by one or more of the STEINER Defendants including STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US, to enjoy a massage and/or other similar services.

25.     It was the duty of Defendants to provide Plaintiff with reasonable care in the circumstances.

26.     On or about the above date, Plaintiff was injured due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

a.     Failure to use reasonable care to provide Plaintiff a safe massage by:

  i.    Failure to have safe procedures for doing massages;

  ii.   Failure to have a proper method for doing massages;

  iii.  Failure to properly supervise spa personnel doing massages;

  iv.   Failure to warn Plaintiff of the dangers to her getting a massage;

  v.    Failure to properly train spa employees doing massages;

  vi.   Failure to have proper policies and procedures for giving passengers a massage;

  vii.  Failure to properly hire or retain a spa employee to give massages with knowledge of performing such massages on persons with prior injuries.

  viii. Failing to make an appropriate investigation of the people hired or subcontracted as was required of them which would have revealed the unsuitability of

the masseuse hired by its vendor(s) to provide services to the Plaintiff, a ticketed passenger.

ix. By failing to properly investigate and look into the qualifications and experience of the people it hired contracted to provide services to ticketed passengers, including the Plaintiff.

x. It was unreasonable for STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US to hire or contract the masseuse, JANE/JOHN DOE, to provide services to ticketed passengers, including the Plaintiff, in light of the information they knew or should have known.

27.   All of the foregoing caused or contributed to causing Plaintiff to be injured by getting a massage by an employ of Defendants when the employee failed to us proper massage techniques for and fractured the Plaintiff's hip to the point that she was nearly unable to walk and required hip replacement surgery.

28.   As a result of the negligence of Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity in the future has been impaired.  The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendants for costs, pre-judgment interests and damages and all elements of damages set forth in the paragraphs above and any other relief the Court deems appropriate.

### COUNT III
### (NEGLIGENCE OF JANE/JOHN DOE)

29.     Plaintiff re-alleges all allegations pled in paragraph 1-28 above as if alleged fully herein.

30.     JANE/JOHN DOE was hired, contracted and/or employed by STEINER TRANSOCEAN, STEINER MANAGEMENT, STEINER LEISURE and/or STEINER US to work as a masseuse aboard the Vessel in the Cloud 9 Spa.

31.     On or about September 15, 2016 Defendant JANE/JOHN DOE owed a duty of care to the Plaintiff, a ticketed passenger aboard the Vessel, to perform the massage in a reasonable manner using due to care.

32.     Defendant JANE/JOHN DOE breached his/her duty of care to the Plaintiff when performing the bamboo massage.

33.     As a result of JANE/JOHN DOE's breach of duty, the Plaintiff sustained loss, injury and/or damages including injuries to her hip and back which required surgical intervention and extensive treatment and rehabilitation.

34.     As a result of JANE/JOHN DOE's negligence, the Plaintiff suffered bodily injury and possibly aggravation    of    preexisting    conditions,    pain    and

suffering,   disability,   disfigurement,   mental anguish,   loss of capacity   for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.   These losses are either permanent or continuing.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged incident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment experienced in the past and to be experienced in the future together, past cost and future lost wages with all taxable court costs and prejudgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff, Dawn Dawsey demands a trial by jury of all issues so triable.

BY:

**MICHAEL A. ROBB, ESQ.**
CLARK, ROBB, MASON, COULOMBE
BUSCHMAN & CHARBONNET
7501 Wiles Road, Ste. 207
Coral Springs, Florida 33067
Tel No. (954) 753-3902
Fax No. (954) 753-3903
Email: pleadingsftl@clarkrobb.com

/s/MICHAEL A. ROBB
MICHAEL A. ROBB, ESQ.
Florida Bar No. 651583
*Counsel for Plaintiff*